UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KAMARA ABDULAI BUNDU,

        Petitioner,                       Case No. 3:17-cv-291

vs.

UNITED STATES                      District Judge Thomas M. Rose
ATTORNEY GENERAL, *et al.*,         Magistrate Judge Michael J. Newman

        Respondents.

_____

**ORDER AND ENTRY: (1) DIRECTING RESPONDENTS TO RESPOND TO
PETITIONER'S PETITION WITHIN 21 DAYS FROM THE ENTRY OF THIS ORDER;
AND (2) ORDERING THAT THIS CASE BE TRANSFERRED TO THE WESTERN
DIVISION OF THIS COURT AT CINCINNATI**

_____

      This civil case is before the Court on *pro se* Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  Petitioner argues that he has been detained for an unreasonable period of time in the custody of Defendants and the United States Immigration and Customs Enforcement ("ICE") awaiting removal to Sierra Leone.  *Id.*; *see also Zadvydas v. Davis*, 533 U.S. 678, 702 (2001). Specifically, Petitioner has been detained since February 3, 2017 and contends that there is not a significant likelihood that he will be removed to Sierra Leone in the reasonably foreseeable future.  *Id.*

      "Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts applies to actions under 28 U.S.C. § 2241."  *Grigsby v. United States*, No. 10-CR-105, 2013 WL 1149595, at *1 n.1 (S.D. Ohio Mar. 19, 2013).  Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court must conduct a preliminary review of a habeas petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court." *See also Clark v. Waller*, 490 F.3d 551, 554 (6th Cir. 2007); *see also* 28 U.S.C. § 2243.

Having carefully reviewed Petitioner's petition and having conducted the initial review required by Rule 4 of the Rules Governing § 2254 Cases, the undersigned concludes that the petition is not subject to dismissal on its face and **ORDERS** the Clerk of Courts to immediately serve Respondents with the Petition and all filings of record, including a copy of this Order. Respondents shall file and serve upon Petitioner a response within **21 days** from receipt of this Order. Petitioner may file and serve upon Respondents a reply memorandum within **21 days** from the filing of the last Respondent's response.

Because Petitioner is presently confined in the Butler County Jail in Hamilton, Ohio, the Court **ORDERS** that this case be **TRANSFERRED** to the Western Division of this Court at Cincinnati -- which is the seat of Court that serves Butler County, Ohio. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495-96 (1973).[1]

**IT IS SO ORDERED.**

Date: __October 6, 2017__                    s/ Michael J. Newman
                                              Michael J. Newman
                                              United States Magistrate Judge

---

[1] Petitioner originally filed his petition in the Western Division at Cincinnati. *See* docs. 1, 3. At the time of filing, Petitioner was allegedly detained at the Morrow County Jail in Mt. Gilead, Ohio. Doc. 1 at PageID 1-4. The Eastern Division of the Court in Columbus, Ohio serves Morrow County, Ohio. *See* S.D. Ohio Civ. R. 82.1(b). Soon after the case was filed, it was transferred to the Western Division at Dayton by mistake. It appearing that Petitioner has never been detained in one of the eight counties served by the Western Division of the Court at Dayton, the undersigned finds venue improper here and finds a transfer back to the Western Division at Cincinnati appropriate in light of Petitioner's current detention within the geographical confines of that venue. *Id*.